# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

MARWAN WILLIAMS,         )
                            )
                Plaintiff,    )
                            )
vs.                         )     Case No. 16-1372-EFM-KGG
                            )
EQUIFAX,                 )
                            )
               Defendant.  )

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND MOTION FOR APPOINTMENT OF COUNSEL

In conjunction with his federal court Complaint alleging a violation of the Fair Credit Reporting Act, Plaintiff Marwan Williams has filed a Motion to Proceed Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an accompanying Affidavit of Financial Status (Doc. 3-1, sealed), and a Motion to Appoint Counsel (Doc. 4). Having reviewed Plaintiff's motions, as well as his financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion for *IFP* status (Doc. 3) but **DENIES** his request for counsel (Doc. 4).

## I.     Motion to Proceed Without Prepayment of Fees.

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means. 28 U.S.C. § 1915(a). In so doing, the court considers the affidavit of

financial status included with the application. *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay. *See generally, Yellen v. Cooper*, 828 F.2d 1471 (10th Cir. 1987). In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income. *See Patillo v. N. Am. Van Lines, Inc*., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); *Webb v. Cessna Aircraft*, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 36 years old and divorced with two dependents. (Doc. 2-1, sealed, at 1-2.) He does not, however, indicate the amount of monthly support he provides the dependents. (*Id*., at 2.) Plaintiff is currently unemployed and lists no prior employment. He lists a small amount for monthly Social Security benefits. (*Id*., at 4.)

Plaintiff does not own any real property or an automobile. (*Id*., at 3, 4.) He enumerates a monthly rent payment as well a cell phone bill. (*Id*., at 5.) These two amounts come within $100 per month of equaling his Social Security benefit. He lists no cash on hand or bank accounts. (*Id*., at 4.) He also has a large amount

2

itemized as a "fed loan." (*Id.*, at 5.)  He has not, however, filed for bankruptcy. (*Id.*, at 6.)

Considering all of the information contained in the financial affidavit, Plaintiff exits on government benefits that barely cover his stated living expenses. This does not even account for any payment Plaintiff is required to make on his significant debt.  The Court thus finds that Plaintiff has established that his access to the Court would be significantly limited absent the ability to file this action without payment of fees and costs.  The Court **GRANTS** Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) and directs that the cases be filed without payment of a filing fee.

## II.    Motion to Appoint Counsel.

Plaintiff has also filed a motion requesting the appointment of counsel. (Doc. 3.)  The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing

factors applicable to applications under Title VII).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.

As discussed above, Plaintiff's financial situation would make it impossible for him to afford counsel.  The second *Castner* factor is Plaintiff's diligence in searching for counsel.  The form motion used by Plaintiff clearly indicates that he was to "confer with (not merely contact)" at least five attorneys regarding legal representation prior to filing the motion.  (Doc. 11 (emphasis in original).)  The form provides space for the name, address, date(s) of contact, method of contact, and response received for six attorneys.  Plaintiff has left this entire portion of the motion blank, leading the Court to conclude that he has not contacted any attorneys.

Often in situations such as this, the Court will require a movant to confer with, and provide the required information regarding, the requisite number of attorneys before the Court will consider the application.  The Court finds in this instance, however, that the motion will be resolved on other factors. As such, requiring Plaintiff to complete this task would not be useful.

4

The next factor is the merits of Plaintiff's case.  *See **McCarthy***, 753 F.2d at 838-39 (10th Cir. 1985); ***Castner***, 979 F.2d at 1421.  For the purposes of this motion, the Court does not find Plaintiff's claims to be frivolous or futile.  The analysis will thus turn to the final ***Castner*** factor, Plaintiff's capacity to prepare and present the case without the aid of counsel.  979 F.2d at 1420-21.

In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts.  *Id.*, at 1422.  The Court notes that the factual and legal issues in this case are not unusually complex.  *Cf. **Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex").

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in Courts throughout the United States on any given day.  Plaintiff has successfully filed his federal court Complaint, providing reference to the relevant portion of a federal statute.  Although he is not trained as an attorney, and while an attorney might present this case more effectively, this fact alone does not warrant appointment of counsel.  As such, the Motion to Appoint Counsel (Doc. 4) is

**DENIED**.


       **IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status (Doc. 3) is **GRANTED**.

       **IT IS FURTHER ORDERED** that Plaintiff's motion to appoint counsel (Doc. 4) is **DENIED**.

       **IT IS SO ORDERED.**

Dated at Wichita, Kansas, on this 29th day of September, 2016.

                      S/ KENNETH G. GALE
                      KENNETH G. GALE
                      United States Magistrate Judge